RUSSELL et al. v. SHIPPEN BROS. LUMBER CO.

(District Court, N. D. Georgia. March 22, 1915.)

No. 55.

1. CORPORATIONS ⊚⟲557—STOCKHOLDERS' ACTIONS—SUFFICIENCY OF BILL.

In a stockholders' suit for a receivership of the corporation and other relief, an allegation on information and belief that the chief executive officer of the corporation asserted an indebtedness against the company in a large amount, which indebtedness was not admitted by plaintiffs, that the validity of such indebtedness should be carefully investigated, and that there were equitable rights in favor of the corporation against such officer, which should be asserted in favor of the company by one whose interest did not conflict with his duties, was insufficient under equity rule 27 (198 Fed. xxv, 115 C. C. A. xxv), providing that every bill brought by stockholders and founded on rights which may properly be asserted by the corporation must be verified by oath and contain an allegation that plaintiff was a shareholder at the time of the transaction of which he complains, or that his share has since devolved on him by operation of law, that the suit is not a collusive one to confer jurisdiction on a court of the United States, and must also set forth with particularity plaintiff's efforts to secure such action as he desires on the part of the managing directors or trustees and the causes of his failure to obtain such action or the reasons for not making such effort.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2227, 2228, 2230-2236; Dec. Dig. ⊚⟲557.]

2. CORPORATIONS ⬡⟞557—STOCKHOLDERS' ACTIONS—SUFFICIENCY OF BILL.

In a stockholders' suit for a receivership and to enjoin persons claiming to be the president and vice president of the corporation from exercising the powers of those or any other offices, the bill alleged that it would be useless to make demand upon the president to file suit against himself, that plaintiff had made demand upon the corporation and its officers and directors that it sue such officers for the purpose of restraining them and their agents from acting as officers and directors and diverting the assets of the company and restraining them from asserting claims against the corporation, that for reasons unknown to the plaintiffs this demand had been refused, and that the suit was not filed for the purpose of collusively giving jurisdiction to the court of a cause of which it had not jurisdiction. *Held*, that this allegation was sufficient under equity rule 27, relative to the allegations of stockholders' bills.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2227, 2228, 2230–2236; Dec. Dig. ⬡⟞557.]

3. EQUITY ⬡⟞363—MOTIONS TO DISMISS—SUFFICIENCY OF BILL.

Where the original and supplemental bill in a suit in equity were presented to the judge designated to hold District Court, and such judge allowed them to be filed, this was persuasive, though not controlling, on a motion to dismiss, that they made a case justifying the interposition of a court of equity.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 762–766, 768; Dec. Dig. ⬡⟞363.]

In Equity. Suit by Charles S. Russell and others against the Shippen Bros. Lumber Company. On motion to dismiss. Motion overruled.

Robert C. & Philip H. Alston, of Atlanta, Ga., for plaintiff.
Charles T. & Linton C. Hopkins, of Atlanta, Ga., for defendant.

NEWMAN, District Judge. This case is now before the court on a motion to dismiss. The original bill was filed September 15, 1914. At that time it was presented to Hon. Don A. Pardee, United States Circuit Judge, who was then, and is now, designated to hold the District Court in this district. Judge Pardee made the following order thereon:

"The bill in the above-mentioned cause having been presented to the court, it is ordered that the same be filed and subpœna issue as therein prayed, and that the same be served upon the defendant, Shippen Bros. Lumber Company, and that the said Shippen Bros. Lumber Company show cause, before the judge presiding in the United States District Court for the Northern District of Georgia, on the 21st day of September, 1914, at 10 o'clock a. m., in the courtroom in the city of Atlanta, Ga., why the prayers of the petition should not be granted and receiver appointed. Let copy of this order be served upon the said Shippen Bros. Lumber Company as early as practicable. The court takes jurisdiction of this cause and of the assets of the said defendant company."

Three days thereafter, September 18, 1914, what is styled a supplemental bill was filed by the plaintiff. This supplemental bill set up a meeting of the stockholders of the defendant company held at Elijay on September 16th. A history of this meeting is set out in the supplemental bill, and it was claimed that the meeting resulted in the election of a board of directors composed of H. A. Bull and others, and

it alleges the board of directors headed by Will H. Shippen was not elected, although claiming to have been.

The plaintiff prayed that this supplemental bill be allowed to be filed; that William H. Shippen and F. E. Shippen be restrained and enjoined from exercising the powers of any office, especially the offices of president and vice president (to which offices it is theretofore stated in the supplemental bill they claimed to have been elected by the board of. directors), and also restrained and enjoined from trespassing upon the property of the company, and required to deliver the books and papers of the company; further, that a receiver or receivers be appointed to take charge of the property and assets of the company; that the prayers of the original bill are adopted and made the prayers of the supplemental bill; that it be adjudicated that William H. Shippen, Frank E. Shippen, J. P. Cobb, St. J. P. Graham, and Leonard Harrison are not directors or officers of the company, and that they were not elected at such pretended meeting which has been referred to, and for general relief and subpœna.

[1] In the original bill there was a paragraph in the following language:

"Your orators are further informed, and on information and belief allege, that the chief executive officer of the said lumber company is among said claimants, and avers an indebtedness against said company in a large amount, which indebtedness is not admitted by your orators; and your orators aver that the validity of said indebtedness so claimed should be carefully investigated before the same is paid by said lumber company, and that there are equitable rights in favor of said lumber company against said chief executive which should be asserted in favor of said company by one whose interest does not conflict with his duties."

This is clearly defective in pleading what it was evidently intended for in compliance with new equity rule No. 27 (198 Fed. xxv, 115 C. C. A. xxv), which is as follows:

"Every bill brought by one or more stockholders in a corporation against the corporation and other parties, founded on rights which may properly be asserted by the corporation, must be verified by oath, and must contain an allegation that the plaintiff was a shareholder at the time of the transaction of which he complains, or that his share had devolved on him since by operation of law, and that the suit is not a collusive one to confer on a court of the United States jurisdiction of a case of which it would not otherwise have cognizance. It must also set forth with particularity the efforts of the plaintiff to secure such action as he desires on the part of the managing directors or trustees, and, if necessary, of the shareholders, and the causes of his failure to obtain such action, or the reasons for not making such effort."

This last language, "or the reasons for not making such effort," was added to old equity rule 94, and is now a part of the same rule, known in the new rules as No. 27, as stated.

[2] In the supplemental bill, after stating that William H. Shippen sets up claim against the Shippen Bros. Lumber Company for over $50,000, proceeds in this language:

"Your orators further aver that it would be useless to make demand upon said William H. Shippen to file suit against himself, and that your orators have made demand upon the Shippen Bros. Lumber Company, one of the defendants herein, and upon its officers and directors, that defendant institute

suit against the said William H. Shippen and Frank E. Shippen for the purpose of enjoining and restraining them and their agents from acting as officers and directors of the said lumber company, and for the purpose of restraining them from diverting the assets of the said company, and restraining them from asserting any rights and liabilities which they or either of them claim against said Shippen Bros. Lumber Company on any account whatsoever, and especially upon a certain alleged note of said Shippen Bros. Lumber Company claimed to be held and owned by the said William H. Shippen, and that for reasons unknown to your orators this demand has been refused. This suit is not filed for the purpose of collusively giving jurisdiction to this honorable court of a cause of which it has not jurisdiction."

This allegation seems to be sufficient, under rule 27. This supplemental bill was also presented to Judge Pardee on September 18, 1914, and on that he makes this indorsement:

"Leave to file this supplemental bill is granted, it being understood that the status quo of this property be maintained, and it is ordered that the status quo of the property be maintained until the further order of the court."

This indorsement was signed by Judge Pardee. On September 30, 1914, there was an amendment to the original and supplemental bill, and on December 19, 1914, a new supplemental bill. This new amendment and this new supplemental bill greatly enlarge the scope of the litigation; but it is unnecessary to refer to them in the particular matter now before the court for decision, because, if a case was made which justified the court in entertaining the proceeding by the original bill and the first supplemental bill, that will be sufficient for the present purpose.

[3] Judge Pardee, as stated, allowed the filing of both the original and the first supplemental bill. While I do not say that this is controlling here, and that I may not go into the matter on this motion to dismiss and consider their sufficiency, it is at least persuasive that a case was made by this original and first supplemental bill which justified the interposition of a court of equity.

Considered as a stockholders' proceeding against the Shippen Bros. Lumber Company originally, as I have stated, I think what was alleged in the original bill in compliance with equity rule 27, though defective, was cured by this supplemental bill and by the allegations therein made. In the opinion filed on the 14th of November, 1914, among other things it was stated:

"As to the question arising in this case as to the jurisdiction of this court as a court of equity, * * * I do not see, in view of the allegations of the bill and the questions necessarily arising, how there could be a determination of the matter otherwise than in a court of equity."

The motion to dismiss will be overruled and denied.