INTERSTATE REFINERIES, Inc., et al. v.
BARRY et al.

(Circuit Court of Appeals, Eighth Circuit.
August 4, 1925.)

No. 6896.

**1. Courts ⬤⇒310—Indispensable parties only to be considered on question of jurisdiction.**

In the determination of the jurisdiction of a national court, indispensable parties only should be considered, and where the court has jurisdiction of the subject-matter and the parties, the bill may be dismissed as to any defendant who is not an indispensable party to the suit and retained as to other defendants.

**2. Pleading ⬤⇒252(1)—Amendments, properly allowed, relate back to filing of pleading.**

Amendments to pleadings, properly allowed by the court, which present no new cause of action and no controlling fact which did not exist when the pleading was filed, relate back to, and take effect at, the time of its filing.

**3. Courts ⬤⇒351½—Dismissal as to parties not indispensable held to give court jurisdiction from beginning of suit.**

Where the requisite diversity of citizenship did not exist between the parties as named in the bill, but the defect was cured by an amendment dismissing as to parties who were not indispensable, the court had jurisdiction from the beginning of the suit.

**4. Dismissal and nonsuit ⬤⇒24—Parties not indispensable may be dismissed without prejudice to their rights.**

Defendants to a suit, against whom no relief is asked or warranted by the allegations of the bill, are not indispensable parties, and may be dismissed, and any decree thereafter entered will not affect their rights unless they voluntarily intervene.

**5. Courts ⬤⇒347—Bill in stockholders' suit held amendable.**

Under equity rule 19, permitting amendments at any stage of the proceeding, a stockholders' bill may be amended by adding the allegations required by rule 27.

**6. Corporations ⬤⇒211(5)—When allegations of bill in stockholders' suit as to efforts to secure action by corporation unnecessary stated.**

The allegations in a stockholders' bill, showing efforts made by complainants to secure action by the corporation, required by equity rule 27, are dispensed with when it is alleged that the interests of the managing officers and directors are antagonistic to those of the corporation, its stockholders and creditors, and immediate action is imperative to preserve the property and protect the stockholders from irremediable loss.

**7. Corporations ⬤⇒320(4)—Jurisdiction in stockholders' suit not affected because simple contract creditors join as complainants.**

Jurisdiction of a stockholders' bill is not defeated because simple contract creditors join with stockholders therein, since they may be dismissed as complainants and thereafter intervene and secure all their rights and equities.

**8. Corporations ⬤⇒320(13)—When notice of application for injunction and receiver may be dispensed with stated.**

In general, reasonable notice should be given to parties in interest before an application for an injunction or receiver for a corporation is granted, but such notice may be dispensed with where it is made to appear that it would enable the parties in opposing interest to commit contemplated acts, ruinous to the rights and equities of applicants, before a hearing could be had.

**9. Receivers ⬤⇒96—Appointment of attorney within the discretion of the court.**

Appointment of one of the attorneys for complainants as one of the attorneys for the receiver appointed in the suit *held* not an abuse of judicial discretion.

Appeal from the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Suit in equity by I. N. Barry and others against the Interstate Refineries, Inc., and others. Defendants appeal from certain orders of the District Court. Affirmed.

J. M. Johnson, of Kansas City, Mo. (C. O. French and Donald W. Johnson, both of Kansas City, Mo., on the brief), for appellants.

E. A. Neel, of Kansas City, Mo. (A. L. Cooper and Whitson Rogers, both of Kansas City, Mo., on the brief), for appellees.

Before SANBORN, LEWIS, and BOOTH, Circuit Judges.

WALTER H. SANBORN, Circuit Judge. This is an appeal of Interstate Refineries, Inc., a corporation of Delaware, and Interstate Refineries, a corporation of Virginia, from an order of the court below, made on October 4, 1924, whereby it granted the mo-

tion of the complainants, certain stockholders and creditors of the Delaware corporation, to amend its bill in equity, and denied the motions of the corporations made on August 8, 1924, to dismiss the bill, to dissolve the temporary injunction issued on August 7, 1924, and to vacate the order made on the same day appointing Leon H. Schwald receiver of the property of the corporations situated in the Eighth judicial circuit.

This case is unique in this, that the bill was filed on August 7, 1924, that the order challenged by the appeal was made on October 4, 1924, and that it is not assailed on this appeal on the ground that any of the averments of the facts contained in the bill were not true. As those facts necessarily condition the exercise by the court below of its judicial discretion in issuing the injunction, appointing the receiver and making other orders, they are here briefly stated.

Until it conveyed its property to the Virginia company, a short time prior to the commencement of this suit, the Delaware company owned the legal title, and still owns the entire equity in about eight acres of land, an oil refinery equipment and office thereon, and nine leases of separate tracts of land on which it had oil filling stations in the county of Jackson, Mo.; an oil refinery, several tracts of land, and interests in two oil and gas leases in Eastland county, Tex.; an oil and gas lease and two filling station leases in the state of Kansas; and oil and gas leases in the state of Oklahoma. It owed $117,450, $53,450 of which would be due on August 2, 1924, and $52,000 more on November 2, 1924. For the purpose of placing the property of the Delaware company beyond the reach of its stockholders and creditors and of any judgments or decrees they might obtain against it, its officers and directors organized the Virginia corporation, under a name so similar to that of the Delaware corporation that the Virginia company would generally be taken to be the Delaware company, caused the Delaware corporation to convey all its property without consideration to the Virginia corporation, and caused the latter to make and record a mortgage on all this property to James N. Johnson, trustee, to secure notes of the Virginia corporation to the amount of $250,000, dated May 10, 1924, maturing on or before May 10, 1925. Ralph R. Langley was and is the president of each corporation. The members of the board of directors of the Virginia corporation are Ralph

R. Langley, A. H. R. Atwwod, J. B. Obey, and George Worrall. Langley, Atwood, and Obey were and are members of the board of directors of the Delaware corporation. The officers and directors of the two corporatins selected and used the similar name of the Virginia corporation to conceal from the creditors and stockholders of the Delaware corporation and the public the transfer of the title, possession, and operation of the property from the Delaware corporation to the Virginia corporation. Since that transfer, the Delaware corporation has had and has no property standing in its name. Langley, the president of each corporation, and the other officers and directors of each of the corporations, conceived and executed the scheme, evidenced by the acts which have been recited, to defraud the complainants of their rights to and interests in the property and business of the Delaware corporation. To effect this purpose, the Virginia corporation issued and placed in the hands of various parties without consideration its promissory notes for $150,000 of the $250,000 described in its mortgage, and, when the bill was filed and the injunction and receivership prayed, it was issuing and delivering such notes to diverse parties for the alleged consideration of raising money by the sale of the stock of the Virginia corporation at unreasonable rates. The officers and directors of the companies were neglecting to operate the refinery at Ranger, Tex., failing to pay taxes on it, neglecting to pay the rents on the leases so that they were becoming defaulted, misdirecting the business, squandering the property of the companies, attempting to reduce all the corporate property in Missouri to cash and to remove all the portable property of the companies beyond the jurisdiction of the court below. In addition to these facts, the complainants alleged that, unless the defendant corporations were enjoined from disposing of the property and a receiver was immediately appointed to take it and conduct the business of the corporations, numerous suits would be brought, judgments obtained, the property seized thereunder, and irreparable loss and damage would result to the complainants who brought this suit in behalf of themselves and all other creditors and stockholders similarly situated.

Upon these facts, the court below, taking proper bonds, by its order appointed the receiver and enjoined the corporations from disposing of the property, expressly reserving in the order its power to modify all di-

rections made therein and to make such other orders as should seem to it to be necessary.

This is the order challenged by this appeal. Counsel for the defendants contend that the court below had no jurisdiction to issue the injunction or to appoint the receiver, because (a) there was a lack of the requisite diversity of citizenship when the bill was filed; (b) the court still lacked jurisdiction after the amendments to the bill were made; (c) the complaining creditors were simple contract creditors and could not maintain the suit without judgments and return of executions nulla bona; (d) the stockholders could not maintain the suit because the amended bill does not "set forth with particularity" the requirements of equity rule 27; (e) the bills in effect ask for the dissolution and winding up of the affairs of the corporations; (f) the bills seek no other equitable relief than the appointment of a receiver.

There are in this case an original bill filed August 7, 1924, and an amended bill filed on motion of the complainants, pursuant to an order of the court permitting its filing on October 4, 1924. The complainants in the original bill were six stockholders and six creditors of the Delaware company, who alleged that they were, at all times mentioned in the bill and at the time of its filing, citizens and residents of Missouri, and that the Delaware company was a corporation of the state of Delaware and the Virginia corporation was a corporation of the state of Virginia. They made Langley, Kealy, Dodge, Pederson, Atwood, Teil, Obey, Sullivan, Liken, and Baker defendants, and alleged that they were officers or directors of one or both of the defendant corporations, and made James N. Johnson, the trustee in the mortgage made by the Virginia company, a defendant, but did not allege the citizenship or residence of any of them, but they prayed for no accounting, recovery, or relief against any of them personally. The only relief they sought against them was the prevention of their disposition of the property of the defendant companies, and this they sought by the injunction and the receivership. They also prayed for the ultimate avoidance of the conveyance of the property to the Virginia corporation and the latter's mortgage of that property. On the next day after the bill was filed, on August 8, 1924, the defendants moved to dismiss it because it did not show on its face that the suit was between citizens of different states. Thereupon the complainants moved to dismiss the suit as to the individual defendants. The court granted the complainants' motion and denied the defendants' motion. The suit then proceeded against the two corporations.

There were six creditors among the complainants; three of them were Kaw Valley Investment Company, Penn Lubric Oil Company, and Standard Steel Works. While there was an averment in the bill that each of the complainants was a citizen and resident of the state of Missouri, it did not contain any averment that either of these three parties was either a corporation or a copartnership. Counsel for the companies insist that this fact is fatal to the jurisdiction of the court. They also earnestly contend that, even if the court below had jurisdiction to allow the amendments to the bill, which it permitted on October 4, 1924, it had no jurisdiction of the case, and was without power to order the issue of the injunction or the appointment of a receiver, as it did before the amendments were allowed or made. A careful consideration of these various objections to the jurisdiction of the court and to its authority to issue the injunction or appoint the receiver has satisfied that they cannot be sustained.

[1] In the determination of the jurisdiction of a national court, indispensable parties only should be considered, because all others may be dismissed or disregarded if their presence would oust the jurisdiction of the court or restrict the right of the plaintiff. Where the court has jurisdiction of the subject-matter and the parties, the bill may be dismissed as to any defendant who is not an indispensable party to the suit and retained as to other defendants. Sioux City Terminal R. Co. v. Trust Co. of North America, 82 F. 124, 126, 27 C. C. A. 73; Silver King Coalition Mines Co. v. Silver King C. M. Co., 204 F. 166, 169, 122 C. C. A. 402, Ann. Cas. 1918B, 571; Jennings v. United States (C. C. A.) 264 F. 399.

[2, 3] Amendments to pleadings properly allowed by the court, which present no new cause of action and no controlling fact which did not exist when the pleading was filed, relate back to and take effect at the time of its filing. The bill in this case stands as though the original bill read as does the amended bill, and the court had plenary jurisdiction of the case and of the parties to the amended bill from the time of the commencement of the suit. Bowden v. Burnham, 59 F. 752, 8 C. C. A. 248; Carnegie, Phipps & Co. v. Hulbert, 70 F. 209, 16 C.

C. A. 498; Bison State Bank v. Billington, 228 F. 116, 117, 142 C. C. A. 522.

[4] None of the parties plaintiff to whom counsel's objection refers, and none of the parties defendant who were dismissed, were indispensable parties to this suit. James N. Johnson, the trustee in the mortgage, was a proper party, but he was not an indispensable party because he has no personal interest in it or in the property, because no relief is asked against him personally, because the bill does not contain any averment or showing that any of the notes that were to be secured by the mortgage have ever passed into the hands of any innocent purchasers for value, and because Johnson, neither as a person, a trustee, or otherwise, or any of the holders of such notes, are now parties to this suit, because no decree in this suit can estop or bind any of them if they do not intervene in this suit, and either he or they may at his or their option intervene herein and protect any rights they may have in this suit. Walden v. Skinner, 101 U. S. 577, 25 L. Ed. 963; Bates v. New Orleans B. R. & V. R. Co. (C. C.) 16 F. 294; Bacon v. Rives, 106 U. S. 99, 1 S. Ct. 3, 27 L. Ed. 69.

[5] Another contention of counsel for the corporations is that this suit cannot be maintained by the plaintiffs who are stockholders of the Delaware company, because the original bill failed to comply with equity rule 27 relating to stockholders' bills, the defect was not amendable, and, invoking the rule relating to the alignment of parties in such cases, the requisite citizenship was lacking. But rule 19 in equity provides that:

"The court may at any time, in furtherance of justice, upon such terms as are just, permit any * * * pleading * * * to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading. The court, at every stage of the proceeding, must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties."

Under this rule, if there was in the original bill any failure to comply with equity rule 27, the bill was amendable in this respect, and the court below by its order properly permitted the amendment. Russell v. Shippen Brothers Lumber Co. (D. C.) 224 F. 256; Heinz v. National Bank of Commerce, 237 F. 942, 949, 150 C. C. A. 592; American Creosote Works, Inc., et al. v. Powell (C. C. A.) 298 F. 417, 420. Equity rule 27 reads:

"Every bill brought by one or more stockholders in a corporation against the corporation, and other parties, founded on rights which may properly be asserted by the corporation, must be verified by oath, and must contain an allegation that the plaintiff was a shareholder at the time of the transaction of which he complains, or that his share had devolved on him since by operation of law and that the suit is not a collusive one to confer on a court of the United States jurisdiction of a case of which it would not otherwise have cognizance. It must also set forth with particularity the efforts of the plaintiff to secure such action as he desires on the part of the managing directors or trustees, and, if necessary, of the shareholders and the causes of his failure to obtain such action, or the reasons for not making such effort."

[6] The amended bill contained the allegations that the plaintiff stockholders were shareholders at the time of the transactions of which they complain, that this suit is not a collusive one to confer on a court of the United States jurisdiction of the cause of which it would not otherwise have cognizance, and that no effort has been made to obtain action by the managing directors or shareholders of the defendants for the reason that they are the persons who have been and are threatening and performing the wrongs to the corporations, whose acts it is the purpose of this suit to prevent, and any request for such action by them would be a futile performance. These averments, when read and considered in the light of the admitted facts stated in the first part of this opinion to the effect that the managing officers and directors of these corporations had conveyed all the property of the Delaware corporation, the debtor, to the Virginia corporation without consideration, that they had caused notes and a mortgage on this property for $250,000 to be made by the Virginia company, which they were seeking to use to sell stock of that company, that they were misdirecting and neglecting the business of the corporation and were about to convert into cash and to remove from the jurisdiction of the court below the portable property of the defendants in the state of Missouri, leave no doubt that there was no failure of the plaintiff stockholders to comply with equity rule 27 in the preparation of their bill. Moreover, that part of this rule which prescribes the preliminary steps that counsel for defendants complain were not taken by these stockholders are dispensed

with when the interest of the managing officers and directors are antagonistic to those of the corporation, its stockholders and creditors, and immediate action is imperative to preserve the property of the corporation and protect the stockholders from irremediable loss. American Creosote Works, Inc., et al. v. Powell (C. C. A.) 298 F. 417, 420; Ogden v. Gilt Edge Consolidated Mines Co., 225 F. 723, 140 C. C. A. 597; Krouse v. Brevard, 249 F. 538, 161 C. C. A. 464; Heinz v. National Bank of Commerce, 237 F. 942, 150 C. C. A. 592; United Copper Co. v. Amalgamated Copper Co., 244 U. S. 261, 37 S. Ct. 509, 61 L. Ed. 1119.

[7] As the plaintiff stockholders may maintain this suit, and as they ask the same relief as the plaintiff creditors in this bill, and the latter may be dismissed and thereafter intervene and secure all their rights and equities (Sioux City Terminal R. Co. v. Trust Co. of North America, 82 F. 124, 27 C. C. A. 73), it is unnecessary to and we do not consider, decide, or indicate any opinion on the question whether or not these simple contract creditors alone, under the circumstances of this case, could maintain the suit and obtain the relief here sought.

Counsel assail the bill as amended on the grounds: (1) That it in effect seeks the dissolution and winding up of the affairs of the defendant corporations; and (2) that it seeks no other equitable relief than the appointment of a receiver. These contentions are inconsistent, and a reading and consideration of the bill has satisfied us that neither of them is tenable.

[8] On the presentation of the original bill, duly verified by two of the plaintiff stockholders, the court below, without notice to any of the defendants appointed a receiver and ordered the issue of an interlocutory injunction. Counsel insist that the order appointing the receiver and for the issue of the injunction should be reversed for the lack of this notice. Reasonable notice of a hearing on an application for an injunction or for a receiver ought always to be given to parties in interest before the application is granted, except where it is made to appear that it is impracticable to give such notice or that acts ruinous to the applicants'

rights or equities are contemplated and will probably be committed before a hearing upon notice can be had, or that such notice would enable the parties in opposing interest to commit the contemplated acts before the court could prevent them. Taylor v. Easton, 180 F. 363, 103 C. C. A. 509; Supreme Council of Royal Arcanum v. Hobart, 244 F. 385, 390, 157 C. C. A. 11; Tuttle v. Blow, 176 Mo. 158, 171, 75 S. W. 617, 98 Am. St. Rep. 488; McNealey v. Rouse (Mo. Sup.) 264 S. W. 383, 385. The facts alleged in the original bill brought this case far within the exception to this rule.

[9] When the court, after full hearing and consideration of the facts disclosed and the arguments of counsel, made its order of October 4, 1924, denying the defendants' motion to dissolve the injunction and vacate the order appointing the receiver Schwald, made on August 7, 1924, it appointed William C. Michaels, Esq., and Ellison A. Neel, Esq., attorneys for the receiver. Counsel for the defendants now complain of the appointment of Mr. Neel, because he is one of the attorneys for the complainants in this suit, and is also the attorney for some of the complainants in suits against them by the defendants. These facts, however, do not in our opinion disqualify Mr. Neel from accepting the appointment as counsel for the receiver. Moreover, that appointment rested in the sound judicial discretion of the District Judge below, who undoubtedly knew the qualifications and fitness or unfitness of Mr. Neel for the position. This record discloses no objection to that appointment at the time it was made, no subsequent motion before the court below to vacate it, and the fact that Mr. Neel is counsel for other parties in interest in this litigation than the receiver comes far from convincing that the judge below committed an abuse of his judicial discretion in making the appointment. This completes the consideration of the many objections to the maintenance of this suit and to the discretionary orders which have been entered therein.

The order from which the appeal in this case was taken must be affirmed, and it is so ordered.