SUPREME COUNCIL OF ROYAL ARCANUM v. HOBART.

(Circuit Court of Appeals, First Circuit. June 15, 1917. On Petition for Rehearing, August 25, 1917.)

No. 1285.

1. APPEAL AND ERROR ⬡185(2)—REVIEW—JURISDICTIONAL QUESTIONS.
    It is the duty of the Circuit Court of Appeals to see that the statutory jurisdiction of the District Court has not been exceeded, irrespective of any question raised by the parties in regard to the matters.

2. COURTS ⬡282(3)—FEDERAL COURTS—JURISDICTION—CONSTITUTIONAL QUESTIONS.
    Assuming that St. Mass. 1911, c. 628, § 25, providing that no application for injunction against, or proceedings for dissolution of, or the appointment of a receiver for, any fraternal benefit society, shall be entertained, unless made by the Attorney General, violates the rights of certificate holders under Const. U. S. Amend. 14, this does not give federal courts jurisdiction of a suit for a receiver, unless such violation is so connected with the real cause of action set forth as to form an essential part thereof.

3. COURTS ⬡282(3)—FEDERAL COURTS—JURISDICTION—CONSTITUTIONAL QUESTIONS.
    The violation of a certificate holder's rights by St. Mass. 1911, c. 628, § 25, was not an essential part of the cause of action in a suit by him for the appointment of a receiver for a fraternal society on the ground that it was conducting its business illegally, improvidently, and fraudulently,

and as a result would soon become insolvent, where he had not tried to get the state officials to proceed against the society according to the statute, and defendant had made no objection to such an attempt, and had not availed itself of the statute to his prejudice, and hence a federal court had no jurisdiction.

4. COURTS ⬦⮞280—DETERMINATION OF QUESTION OF JURISDICTION—PRESUMPTIONS.

In determining whether the alleged unconstitutionality of a state statute gives jurisdiction to a federal court, the presumption is that, if the statute is unconstitutional, the state courts will so declare when the question is brought before them.

5. RECEIVERS ⬦⮞35(1)—APPOINTMENT WITHOUT NOTICE—DISCRETION.

Where a suit for the appointment of a receiver for a fraternal insurance society alleged that it was conducting its business illegally, improvidently, and fraudulently, and would soon become insolvent as a result, and that clear and irreparable loss and injury would thereby be suffered by plaintiff and other certificate holders, and an accompanying affidavit alleged that its funds were in imminent danger of being removed from the state, there was no abuse of discretion in appointing a receiver without notice; the appointment being subject to be vacated or modified eight days later, after hearing any party aggrieved, and not to become permanent until such hearing.

6. RECEIVERS ⬦⮞35(3)—APPOINTMENT WITHOUT NOTICE—RIGHT TO OBJECT.

Where the society appeared and was heard before the appointed hearing, obtaining modifications of the decree, whereby exercise of the receiver's active duties was suspended until further order, and his custody of defendant's property was so limited as not to prevent it from carrying on its current and usual business, it was in no position to claim that any omission of due notice had seriously prejudiced its rights.

On Petition for Rehearing.

7. COURTS ⬦⮞405(18)—CIRCUIT COURT OF APPEALS—REHEARING.

In a case in which the Circuit Court of Appeals ordered a dismissal of the bill for want of jurisdiction, though it discussed other questions argued by the parties, a rehearing upon such questions would not be ordered, as no rehearing would alter the result.

8. COURTS ⬦⮞405(18)—CIRCUIT COURT OF APPEALS—REHEARING.

. In such case, it was not a ground for a rehearing that after the argument and submission of the appeal, but before the decision was handed down, a party intervened, thus giving the necessary diversity of citizenship, where this was not brought to the court's attention until after the opinion was handed down.

9. COURTS ⬦⮞407(5)—CIRCUIT COURT OF APPEALS—SCOPE OF REVIEW.

Under Judicial Code (Act March 3, 1911, c. 231) § 129, 36 Stat. 1134 (Comp. St. 1916, § 1121), providing that where an injunction shall be granted, continued, etc., or an interlocutory order or decree made appointing a receiver, an appeal may be taken from such interlocutory order or decree to the Circuit Court of Appeals, notwithstanding an appeal upon final decree might be taken directly to the Supreme Court, the Circuit Court of Appeals, on appeal from such an interlocutory decree, may pass upon the jurisdiction of the District Court.

Appeal from the District Court of the United States for the District of Massachusetts; Edgar Aldrich, Judge.

Suit by Arthur L. Hobart against the Supreme Council of the Royal Arcanum. From a decree appointing a receiver, and decrees modifying the original decree, defendant appeals. Reversed and remanded, with directions.

⬦⮞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Howard C. Wiggins, of Rome, N. Y. (Curtis H. Waterman, of Boston, Mass., on the brief), for appellant.

Harvey H. Pratt, of Boston, Mass. (James A. Tirrell, of Boston, Mass., on the brief), for appellee.

Before DODGE and BINGHAM, Circuit Judges, and BROWN, District Judge.

DODGE, Circuit Judge. [1] Whether or not the District Court had jurisdiction is first to be determined. It is our duty to see to it that the statutory jurisdiction of that court is not exceeded, irrespective of any question raised by the parties in regard to the matter. Louisville, etc., Co. v. Mottley, 211 U. S. 149, 152, 29 Sup. Ct. 42, 53 L. Ed. 126.

The plaintiff, a Massachusetts citizen, holds a "death benefit certificate" for $500, issued December 26, 1916, by the defendant, a fraternal benefit society organized under the laws of Massachusetts.

On April 13, 1917, upon a bill in equity that day filed by him in the Massachusetts District Court, a receiver was appointed to take charge of the defendant's business and assets. The decree appointing the receiver was later modified by subsequent decrees, entered April 17 and April 20, 1917, whereby exercise of his active duties was suspended until further order of the court, and his custody of the defendant's property so limited as not to prevent it meanwhile from carrying on its current and usual business.

The present appeal is taken by the defendant from the above decrees under section 129 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1134 (Comp. St. 1916, § 1121). The appellee and appellant are hereafter referred to as plaintiff and defendant, respectively.

The plaintiff's bill is brought on behalf of himself and all other death benefit certificate holders in good standing, who may join therein and contribute to the expense of the suit. No other holders of such certificates have yet so joined.

The bill alleges, in substance, that the defendant is conducting its business illegally, improvidently, and fraudulently, that it is now or will soon become insolvent as a result, and that great and irreparable loss and injury will thereby be suffered by the plaintiff and other holders of similar certificates. The relief prayed for is an accounting of the defendant's assets and liabilities, and the appointment of a receiver to wind up its business, in order that its assets may be distributed under the court's direction.

Both parties being Massachusetts citizens, the Massachusetts District Court can have no jurisdiction of such a suit, unless the bill shows a federal question to be involved in the cause of action, and the amount in controversy to be more than $3,000.

The only allegations of the bill claimed to present a federal question are found in the second paragraph thereof. They are in substance that the defendant is conducting its business subject to a Massachusetts statute, namely, chapter 628 of the Acts of 1911, and that sections 24 and 25 of said chapter deprive the plaintiff of the equal protection of the law, the equal protection of his property rights, and the right

to be heard in the protection of said rights by the Massachusetts courts, in violation of the Fourteenth Amendment to the federal Constitution.

The Massachusetts statute thus referred to is entitled "An act to provide for the control and regulation of fraternal benefit societies." Sections 24 and 25, of which the above complaint is made, are quoted at length in paragraph 2 of the bill.

By section 24 power is given to the state insurance commissioner to inspect and investigate the affairs of any such society, and, whenever satisfied that its business is being conducted in a manner such as is charged in this bill, to present the facts to the state Attorney General, who, if he deem the circumstances to warrant such a course, is then to begin a quo warranto proceeding in a proper court. If after due notice and hearing, as provided by said section, the court finds that the society should be closed, it is to enjoin further business and appoint a receiver to wind up affairs and distribute its funds under the court's direction.

Section 25, which contains the principal provisions alleged to violate the plaintiff's constitutional rights, directs that:

"No application for injunction against, or proceedings for dissolution of, or the appointment of a receiver for, any such * * * society * * * shall be entertained by any court in this state unless the same is made by the Attorney General."

[2] The above are provisions which have formed part of the Massachusetts legislation regarding fraternal benefit societies since 1898. See chapter 474, § 19, of the Acts of that year. Assuming that they violate any constitutional right belonging to a certificate holder like the plaintiff, it must appear from the bill, before a federal question can be said to be involved as a ground of jurisdiction, that such violation is so connected with the real cause of action which the bill sets forth, as to form an essential part thereof. In other words, whether the remedy sought from the District Court is obtainable or not must depend upon the result of the constitutional question raised as to the validity of said provisions. New Orleans v. Benjamin, 153 U. S. 411, 14 Sup. Ct. 905, 38 L. Ed. 764; Bankers', etc., Co. v. Minneapolis, etc., Co., 192 U. S. 371, 385, 24 Sup. Ct. 325, 48 L. Ed. 484; Hull v. Burr, 234 U. S. 712, 720, 34 Sup. Ct. 892, 58 L. Ed. 1557.

[3] The plaintiff has never tried, so far as shown, to get the state officials to proceed against the defendant according to the above provisions; still less is any opposition by the defendant to such an attempt shown. The bill does not show that the defendant has in any way availed itself of them to the plaintiff's prejudice. That it is conducting its business subject to them, as part of the state legislation applicable to all such business, is not enough to render the defendant liable to any such charge. Nothing is found in said provisions which in any way purports to permit or justify maladministration of said business, such as that against which the bill prays relief. The District Court is not asked to enjoin their enforcement, and could not do so if asked.

[4] A suit to obtain the relief prayed for in the bill is not a suit which the federal statutes allow one Massachusetts citizen to bring against another in the federal courts. If it is true that unconstitution-

al limitations are imposed by the Massachusetts statutes upon the bringing of such suits, the right of one Massachusetts citizen to resort to a federal court for such relief against another Massachusetts citizen is not thereby enlarged. The method provided by existing statutes for raising a question of constitutionality as to any such limitations, in the federal court, is by raising it first in a Massachusetts court, and then by appealing to the Supreme Court from a decision sustaining them. The presumption to be made here is that, if such limitations are objectionable because unconstitutional, the Massachusetts courts will so declare when the question is brought before them. Defiance Water Co. v. Defiance, 191 U. S. 184, 24 Sup. Ct. 63, 48 L. Ed. 140; Gundall v. Manhattan Rwy. Co. (D. C.) 205 Fed. 410. Should they fail to do so, the Supreme Court of the United States has power to correct their error, under section 237 of the Judicial Code (Comp. St. 1916, § 1214). In Bogni v. Perotti, 224 Mass. 152, 112 N. E. 853, L. R. A. 1916F, 831, a decision cited to us by the plaintiff, the Massachusetts Supreme Court upheld the principle for which the plaintiff contends, viz.: That the power of courts to afford equitable relief cannot be impaired by legislation in such a way as to prevent its use in favor of one property owner while preserving it for the benefit of others. If the same principle is rightly applicable to the legislation of which the plaintiff complains, the same court will of course apply it thereto.

In Ex parte Young, 209 U. S. 123, 28 Sup. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764, upon which the plaintiff has also relied, the federal question held to have given jurisdiction to the federal court, where the requisite diversity of citizenship did not exist, was presented by a bill seeking to enjoin the enforcement by state officials of the state statute complained of as unconstitutional.

We are of opinion, in view of the foregoing considerations, that those allegations of the bill which complain of the above provisions of Massachusetts law as violating constitutional rights of the plaintiff, do not constitute an essential part of the cause of action set forth, and are in no way necessary thereto. We hold, therefore, that the bill does not disclose any federal question, and that the District Court was without jurisdiction to entertain it.

We need not, in view of this result, determine the further question raised, whether or not the matter in controversy as set forth can be said to exceed $3,000.

We may add, however, in view of what has been discussed in the briefs before us, though without expressing any opinion upon the constitutionality of the statutory provisions in question, that similar provisions are found in the legislation of many other states, relating to similar societies or to insurance companies, that there have been several decisions sustaining them, by various state courts of last resort, against objections to their constitutionality, and that no decision sustaining any such objection has been brought to our attention. They establish no such penalties for their violation as were held in Ex parte Young to have denied the equal protection of the law, by deterring parties from testing their validity in the courts.

We may further add that the plaintiff appears by his own allegations to have received the certificate for $500, on which his suit is

based, at a time when the above provisions had for 18 years been part of the Massachusetts legislation applicable. It is true that he also alleges that it was purchased by him in 1916 to replace an earlier certificate for $3,000 purchased about 1884, from which it is inferable that he had continued during 18 years to pay the assessments called for and enjoy the protection afforded by said former certificate, without raising any objection after the enactment of said provisions in 1898. Since the laws of a state, existing when a contract is made and affecting the rights of the parties thereto, enter into and become part thereof, so as to be obligatory on all courts assuming to give a remedy thereon (Barnitz v. Beverly, 163 U. S. 118, 16 Sup. Ct. 1042, 41 L. Ed. 93; Bradley v. Lightcap, 195 U. S. 1, 20, 24 Sup. Ct. 748, 49 L. Ed. 65; Long Sault, etc., Co. v. Call, 242 U. S. 272, 277, 37 Sup. Ct. 79, 61 L. Ed. 294), we think the plaintiff would have to be regarded, upon his own showing, as having waived any right to assert, as between himself and the defendant, that the statutory provisions whereof he complains are not binding upon him.

[5, 6] Upon the assumption that the bill presents a case within the District Court's jurisdiction, as we think it does not, we find no error in the appointment of a receiver or the injunction issued in connection with said appointment. It is said that the issue of said injunction violated section 17 of the Clayton Act (38 Stat. 737), and equity rule 73 (198 Fed. xxxix, 115 C. C. A. xxxix); but the defendant does not satisfy us that either said section or said rule necessarily applies to the usual injunction included in a decree appointing a receiver for the purpose of preventing interference with his control and custody. As to the claim that there was no sufficient notice to the defendant, the appointment was made subject to be vacated or modified eight days later, after hearing any party aggrieved, and was not to become permanent until such hearing. While the allegation in the affidavit which accompanied the bill, that the defendant's funds were in imminent danger of being removed out of Massachusetts, is not so specific as to facts as might be desired, there has been no suggestion that it was without foundation in fact, and it so far indicated immediate danger of irreparable injury as to prevent a finding that there was any abuse of discretion in entering the decree of April 13, 1917. After appearing and being heard before the hearing appointed for April 21st, and after having obtained thereby the modifications effected by the decrees of April 17th and April 20th, we could hardly regard the defendant as in a position to claim that any omission of due notice to it in the proceedings has seriously prejudiced its rights.

Our conclusion that the bill presents no case within the District Court's jurisdiction requires us to order its dismissal, without awarding costs of this appeal to either party.

The decrees of the District Court, entered April 13, 17, and 20, 1917, are reversed, and the case is remanded to that court, with directions to dismiss the bill, and neither party recovers costs in this court.

On Petition for Rehearing.

PER CURIAM. The interlocutory decrees appealed from were reversed, and dismissal ordered, upon the sole ground that, in our opin-

ion, the bill presented no federal question, and did not, therefore, state a case within the District Court's jurisdiction.

[7] Although we have expressed our opinion upon certain questions which were fully argued by the parties before us, not directly involving the point decided as above, no rehearing upon those questions would alter the result if, as we hold, no federal question was presented. This disposes of the first two grounds for rehearing set forth in the present petition.

[8] The third ground set forth is that on June 7, 1917, a certificate holder said to be "of Nashua, in the state of New Hampshire," has "come into the District Court and asked to intervene." If said certificate holder is a New Hampshire citizen, and could therefore, if admitted as a party plaintiff, assert the existence of jurisdiction based on diverse citizenship, as the plaintiff in the bill as it stands cannot, the fact constitutes no ground for rehearing of the appeal we have already heard and decided, but shows, at most, only that a different case may at some time be presented in the District Court. If said application for leave to intervene was filed in that court on June 7th, it was filed after argument and submission of the appeal here on May 16th, but before June 15th, when our decision thereon was handed down. If said application was to be brought to our attention for any purpose, this should have been done before the latter date. No suggestion to us regarding it, however, was ever made until the present petition for rehearing was filed on July 12th.

[9] As to the fourth ground for rehearing alleged in the petition, the plaintiff has, at our request, submitted authorities which have been duly considered. He denies jurisdiction in this court to determine, as it did, the question whether or not the bill stated a case within the District Court's jurisdiction.

In appeals from final decrees, under sections 128 and 238 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1133, 1157 [Comp. St. 1916, §§ 1120, 1215]), where the jurisdiction of the District Court as set out in the bill is based solely on a constitutional question, the appeal lies to the Supreme Court, and cannot be taken to a Court of Appeals, as the authorities relied on undoubtedly show. But in appeals like this, under section 129 of the Code, not from final, but from interlocutory, decrees below, the questions to be passed upon by the Court of Appeals are not limited as above. In such appeals the Court of Appeals is authorized—

"to review the whole of the interlocutory decree, not merely the part granting the injunction, and also to determine whether there was any insuperable objection, in point of jurisdiction or merits, to the maintenance of the suit, and if there was, to direct a final decree dismissing the bill."

See U. S. Fidelity Co. v. Bray, 225 U. S. 205, 214, 32 Sup. Ct. 620, 56 L. Ed. 1055, and the prior decisions of the Supreme Court there cited. See, also, Seattle, etc., Co. v. Seattle, etc., Co., 185 Fed. 365, 368, 107 C. C. A. 421.

It is true that these decisions were before the Judicial Code became effective, and deal, not with section 129 in its present form, but with section 7 of the Court of Appeals Act as amended in 1906. We find

no difference, however, material for the present purpose, between the legislation therein considered and section 129 which incorporates it in the Code, whatever the changes thereby effected in respects not here material.

The petition for rehearing is therefore denied.