DEVOST v. TWIN STATE GAS & ELECTRIC CO. et al.

CITY OF BERLIN v. DEVOST.

(Circuit Court of Appeals, First Circuit. April 16, 1918. Rehearing Denied June 6, 1918.)

Nos. 1297, 1298.

1. COURTS ⬭307(1)—FEDERAL COURTS—JURISDICTION.
   Where diversity of citizenship was the basis of the federal court's jurisdiction over a suit by a resident of New Hampshire against a foreign corporation a local rule of practice with respect to bringing in additional defendants does not give the federal court jurisdiction over a New Hampshire municipality, impleaded in accordance therewith, for the jurisdiction of the federal court cannot be enlarged by resort to a state rule of procedure.

2. APPEAL AND ERROR ⬭185(1)—OBJECTIONS IN LOWER COURT—FEDERAL COURTS—JURISDICTION.
   On appeal from a decree of the District Court, it is the duty of the Circuit Court of Appeals to see that the statutory jurisdiction of the District Court was not exceeded, irrespective of any question raised by the parties with respect to the matter.

3. COURTS ⬭307(1)—FEDERAL COURTS—JURISDICTION.
   Where, in a suit in the federal court based on diversity of citizenship, defendants impleaded a municipal corporation of the state of which plaintiff was a citizen, and plaintiff was allowed to file an amendment to the declaration, asserting that the several defendants were joint tort-feasors, the amendment ousted the federal court's jurisdiction, and it therefore had no power to enter judgment on the merits, either for plaintiff or any one of the defendants.

4. COURTS ⬭325—FEDERAL COURTS—JURISDICTION—WAIVER.
   Where the federal court's jurisdiction was invoked on the ground of diversity of citizenship, that requirement is absolutely essential, and cannot be waived, and want of it will be error at any stage of the cause, though assigned by the party at whose instance the error was committed.

In Error to the District Court of the United States for the District of New Hampshire; Edgar Aldrich, Judge.

Action by Joseph O. A. Devost, by next friend, against the Twin State Gas & Electric Company and others and the City of Berlin. There was a judgment for plaintiff against the City of Berlin and in favor of the other defendants, and both the municipality and plaintiff bring error. Judgment for defendants Twin State Gas & Electric Company and another reversed and remanded, with directions, and judgment against the City of Berlin reversed and remanded, with directions.

⬭For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Alexander Murchie, of Concord, N. H. (Hollis & Murchie, of Concord, N. H., on the brief), for plaintiff in error Devost.

Herbert I. Goss and Warren W. James, both of Berlin, N. H. (Goss & James, of Berlin, N. H., on the brief), for plaintiff in error City of Berlin.

Edmund Sullivan, of Berlin, N. H. (Sullivan & Daley, of Berlin, N. H., on the brief), for defendant in error Berlin Water Co.

George F. Rich, of Berlin, N. H. (Rich & Marble, of Berlin, N. H., on the brief), for defendant in error Twin State Gas & Electric Co.

Before DODGE and JOHNSON, Circuit Judges, and BROWN, District Judge.

BROWN, District Judge. These writs of error to the District Court for the District of New Hampshire seek to review the rulings of that court in an action for personal injuries, wherein Joseph O. A. Devost, a citizen of New Hampshire, was plaintiff, and had a verdict and judgment thereon against the city of Berlin, a municipal corporation of the state of New Hampshre. By direction of the court verdicts were returned for the other defendants, Twin State Gas & Electric Company, a corporation of the state of Connecticut, and the Berlin Water Company, a corporation of the state of Maine.

[1] It is very clear that the District Court was wholly without jurisdiction of a controversy between two citizens of the state of New Hampshire. Had the action been begun originally against the three defendants in the state court, it could not have been removed to the federal court for lack of diversity of citizenship; and if originally brought in the United States District Court against all three defendants, that court could not have entertained jurisdiction. The law is so well settled as to these points that it is unnecessary to cite authorities.

The action was originally brought in the District Court against the Twin State Gas & Electric Company. Subsequently the plaintiff filed a motion that the Berlin Water Company and the city of Berlin be joined as parties defendant. Thereupon an order of the court was entered joining them as parties defendant, and for notice.

The city of Berlin appeared specially and moved to be dismissed for lack of jurisdiction, which motion was denied.

The plaintiff then moved that he be allowed to "amend his declaration, and set up the defendants as joint tort-feasors." Subsequently, by leave of court, the declaration was so amended.

Thereafter the city of Berlin again moved that the action be dismissed as to it, and protested against going to trial.

The case then proceeded to a jury trial against the three defendants, and at the conclusion of all the testimony verdicts were directed for the defendants other than the city of Berlin, whereupon the city of Berlin renewed its motion to dismiss for lack of jurisdiction.

The plaintiff seeks to support his verdict against the city of Berlin on the ground that the bringing in of new parties was a correct procedure according to New Hampshire practice, and also contends that it is a "long-established rule of the federal courts that, when once jurisdiction

DEVOST V. TWIN STATE GAS & ELECTRIC CO. 351

of a controversy by one of those courts is established, the addition or substitution of new parties can have no effect upon that jurisdiction."

But there is no such general rule, and the cases cited, Porto Rico v. Ramos, 232 U. S. 627, 34 Sup. Ct. 461, 58 L. Ed. 763, Phelps v. Oaks, 117 U. S. 236, 6 Sup. Ct. 714, 29 L. Ed. 888, and Hardenbergh v. Ray, 151 U. S. 112, 14 Sup. Ct. 305, 38 L. Ed. 93, are far from stating a rule of such breadth.

This argument involves the erroneous assumption that the question of the jurisdiction of the federal courts is merely a question of procedure; but it is plain that the statute defining the jurisdiction of the District Court cannot be enlarged by resort to a state rule of procedure in respect to bringing in additional parties. The plaintiff must point out some provison of federal law whch gives to the District Court the right to entertain a tort action of this character between citizens of the same state. In each of the three cases cited there was involved a question of title to real estate, and there was a voluntary intervention of a third party for his own interest in a cause of which the federal court had jurisdiction. It was held that the plaintiff's right to prosecute his action in the courts of the United States, once vested, could not be defeated by imposing upon him an adversary against whom he could not maintain the jurisdiction of those tribunals, and that the addition of a party intervening in this way did not oust jurisdiction. See Hawes v. First Nat. Bank of Madison, 229 Fed. 51, 58, 143 C. C. A. 645 (C. C. A., 8th Circuit).

We have found no case in which a plaintiff who could not secure federal jurisdiction by an original suit against several joint tort-feasors, including citizens of his own state, has succeeded in doing so by suing first one citizen of another state and then summoning in by amendment additional parties whom he could not have joined originally. Were this permitted, it would afford an easy method of evading the statute and enlarging the jurisdiction of the federal courts to cover controversies between citizens of the same state.

It seems so obvious that a plaintiff cannot in this way accomplish what he could not accomplish by an original suit that we need only refer to the many cases which state the necessity of diversity of citizenship between all parties, plaintiff and defendant. 1 U. S. Comp. St. 1916, p. 650, § 991, par. 251.

[2, 3] While the question of the jurisdiction of the District Court over the defendant city of Berlin has been duly raised, the question of the effect of the plaintiff's election to proceed jointly against the three defendants upon the right of the District Court to enter judgment in favor of the other defendants has not been argued. Nevertheless, it is our duty to see to it that the statutory jurisdiction of the District Court is not exceeded, irrespective of any question raised by the parties with regard to the matter. See opinion of this court in Supreme Council of the Royal Arcanum v. Hobart, 244 Fed. 385, 387, 157 C. C. A. 11; Chicago, Burlington & Quincy Ry. Co. v. Willard, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521. In the case last cited there was repeated the familiar expression:

"A defendant has no right to say that an action shall be several which the plaintiff seeks to make joint."

Also:

"A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings"—citing cases.

In Reynolds v. New York Trust Co., 188 Fed. 611, 616, 110 C. C. A. 409, 39 L. R. A. (N. S.) 391, et seq., it was held that the liability of two or more tort-feasors is not both joint and several, but joint *or* several, at the election of the plaintiff.

In the present case, the plaintiff insisted upon joint liability to the close of the trial, and the nonliability of two defendants on the merits was ruled in invitum. See Alabama G. Southern Ry. Co. v. Thompson, 200 U. S. 206, 217, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147.

We see no escape from the conclusion that the plaintiff's election to proceed against the three defendants as joint tort-feasors made a controversy that was inseparable throughout the trial, and that the amendment as to parties and as to the cause of action, made by leave of the court, had the effect of ousting the jurisdiction of that court. Thereafter it had no power to enter judgment on the merits for either plaintiff or defendant.

[4] In Chicago, Burlington & Quincy Ry. v. Willard, 220 U. S. 413, at page 420, 31 Sup. Ct. 460, at page 462 (55 L. Ed. 521), are collated the authorities showing that diverse citizenship, in a case like the present, "is absolutely essential, and cannot be waived, and the want of it will be error at any stage of the cause, even though assigned by the party at whose instance it was committed," and even if the parties consent that it may be waived.

As to the proper order regarding costs, see Grand Trunk Ry. Co. v. Twitchell, 59 Fed. 727, 730, 8 C. C. A. 237; Miller v. Clifford, 133 Fed. 880, 886, 67 C. C. A. 52, 5 L. R. A. (N. S.) 49; Mansfield C. & L. M. Ry. Co. v. Swan, 111 U. S. 379, 389, 4 Sup. Ct. 510, 28 L. Ed. 462; Stevens v. Nichols, 130 U. S. 230, 232, 9 Sup. Ct. 518, 32 L. Ed. 914; Judicial Code, § 37.

In 1297: The judgments of the District Court for the defendants, Twin State Gas & Electric Company and Berlin Water Company, are reversed, with costs against the plaintiff in error, and the case will be remanded to that court, with directions to enter judgment against the plaintiff in error for costs of the District Court and of this court, and thereupon to dismiss the plaintiff's action against said defendants without prejudice.

In 1298: The judgment of the District Court against the city of Berlin is reversed, with costs on writ of error to the plaintiff in error, and the case will be remanded to that court, with directions to enter judgment against the defendant in error for costs of the District Court and of this court, and thereupon to dismiss the action against the city of Berlin for lack of jurisdiction.