SOLER, Commissioner of Health, v. SCOVILLE et al.

(Circuit Court of Appeals, First Circuit. November 21, 1918.)

No. 1348.

1. TERRITORIES ⊙═32—PORTO RICO—ACTION AGAINST—CONSENT.
    Action against the commissioner of health of Porto Rico, in his official capacity, to restrain him from purchasing land and erecting a tuberculosis hospital, held in reality against the sovereign, and so not maintainable without its consent; it being presumed, in the absence of allegation, to the contrary, that he acted in good faith and within the scope of his authority, and he acting under his general authority, and not under any special and limited authorization.

2. COURTS ⊙═405(2)—CIRCUIT COURT OF APPEALS—SCOPE OF REVIEW.
    The appeal being from an interlocutory decree under Judicial Code, § 129 (Comp. St. 1916, § 1121), the Circuit Court of Appeals is authorized to determine whether the District Court had jurisdiction.

Appeal from the District Court of the United States for the District of Porto Rico; Hamilton, Judge.

Suit by Hector H. Scoville and others against Alejandro Ruiz Soler, Commissioner of Health for Porto Rico. From an interlocutory decree, granting a temporary injunction, defendant appeals. Reversed and remanded.

Col. Edward S. Bailey, Asst. Judge Advocate General, of Washington,. D. C. (Howard L. Kern, Atty. Gen., of Porto Rico, on the brief), for appellant.

Hector H. Scoville, of San Juan, P. R. (Charles Hartzell and Daniel F. Kelley, both of San Juan, P. R., on the brief), for appellees.

Before BINGHAM and JOHNSON, Circuit Judges, and ALDRICH, District Judge.

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BINGHAM, Circuit Judge. This is an appeal from an interlocutory decree of the United States District Court for Porto Rico granting a temporary injunction restraining the appellant, Soler, commissioner of health for Porto Rico, from purchasing a certain tract of land and erecting thereon a hospital for the treatment of tuberculosis patients. In the court below Soler appeared specially, and entered a motion to quash the summons and dismiss the petition for want of jurisdiction, assigning as reason therefor that the action, although brought against the commissioner of health in his official capacity, was in reality an action against the people of Porto Rico, who had not consented to be sued, and therefore the court was without jurisdiction.

It appears that on February 19, 1918, a temporary restraining order was issued; that on March 9, 1918, the defendant's motion to dismiss for want of jurisdiction was denied; and that, affidavits relating to the plaintiffs' motion having been filed, a temporary injunction, as prayed for in the complaint, was granted.

In the assignment of errors the appellant complains that the court erred in denying his motion and granting the motion for a preliminary injunction.

It is conceded by the appellees that the people of Porto Rico cannot be sued without its consent, and it may well be conceded, for in Porto Rico v. Rosaly y Castillo, 227 U. S. 270, 33 Sup. Ct. 352, 57 L. Ed. 507, it was held that—

"It is not open to controversy that, aside from the existence of some exception, the government which the organic act established in Porto Rico is of such nature as to come within the general rule exempting a government sovereign in its attributes from being sued without its consent."

It is also conceded that the defendant, Soler, as commissioner of health for Porto Rico, is charged with the duty of erecting a tuberculosis hospital.

In the act of March 2, 1917, providing a civil government for Porto Rico and known as the Jones Act (39 U. S. Stat. at Large, pp. 951, 955, 964, c. 145), certain executive departments of the government were created, among which was the department of health, the head of which was to be known as the "commissioner of health." It was also provided that—

"The heads of departments shall collectively form a council to the Governor, known as the executive council. They shall perform under the general supervision of the Governor the duties hereinafter prescribed, or which may hereafter be prescribed by law, and such other duties, not inconsistent with law, as the Governor, with the approval of the President, may assign to them." Section 13.

"That the commissioner of health shall have general charge of all matters relating to public health, sanitation, and charities except such as relate to the conduct of maritime quarantine, and shall perform such other duties as may be prescribed by law." Section 19.

And "that the legislative authority herein provided shall extend to all matters of a legislative character not locally inapplicable. * * *" Section 37.

In pursuance of the authority above conferred the Legislature of Porto Rico in Act No. 71, approved December 6, 1917, and in Act No. 89, approved December 7, 1917, appropriated the sums of $20,000 and

$40,000, respectively, which acts, except as to the sums appropriated, read as follows:

"Care of tuberculosis patients, including purchase and repair of equipment, construction and repair of buildings, and insurance on equipment and on buildings owned by the people of Porto Rico and used as a sanatorium, including also the purchase of the necessary land, payment of salaries of personnel and expenses of transportation of patients and other expenses, for six months, $20,000."

It appears that the land on which a tuberculosis hospital was located had been taken by the military authorities of the United States for a training camp; that, to meet the public necessity thus created, the defendant, by virtue of the general authority vested in him as commissioner of health and the appropriation acts of December 6 and December 7, 1917, entered into a contract for the purchase of a certain tract of land, containing about 35 acres, from a Mr. and Mrs. Hubbard, situated on the south side of the highway leading from Rio Piedras to Carolina, in the district of Sabana Llana, intending to erect thereon a tuberculosis hospital. The plaintiffs are the owners and lessees of properties adjoining said tract of land on the east and west sides thereof, and they bring this suit to enjoin the purchase of the land and the erection of the hospital.

From the foregoing provisions of law it appears that Soler, as commissioner of health, was authorized, and that it was his duty, to determine upon a suitable site for the location of a tuberculosis hospital, and to purchase the same for the people of Porto Rico, and it is evident that the performance of this duty involved the exercise of administrative or official discretion.

[1] It is not alleged in the bill that the defendant, in deciding upon the location, acted in bad faith and beyond the scope of the authority conferred upon him, and, in the absence of such an allegation, it is to be presumed that he acted in good faith and within the scope of his authority. In view of this situation, and the fact that the bill is prosecuted against Soler in his official capacity as commissioner of health, the question arises whether the action is not one in reality against the sovereign, the people of Porto Rico. As to this we entertain no doubt. The action is brought to enjoin the consummation of a contract in which the defendant individually has no interest, and in which the people of Porto Rico are alone interested. It is, in reality, an action against the sovereign (In re Ayers, 123 U. S. 443, 503, 8 Sup. Ct. 164, 31 L. Ed. 216; Minnesota v. Hitchcock, 185 U. S. 373, 22 Sup. Ct. 650, 46 L. Ed. 954; Murray v. Wilson Distilling Co., 213 U. S. 151, 29 Sup. Ct. 458, 53 L. Ed. 742; Wells v. Roper, 246 U. S. 335, 38 Sup. Ct. 317, 62 L. Ed. 755), and, if it has not consented to be sued, the action cannot be maintained.

It is contended by the appellee that the defendant, Soler, in determining upon the location and purchase of this property for a hospital, was a special agent, and that, if this is so, the action can be maintained, for, under the provisions of section 1804 of the Civil Code of Porto Rico, the government has in such case consented to be sued.

But we think that the commissioner of health in the transaction in

question was acting under his general authority and not under any special and limited authorization and that the action cannot be maintained against the people of Porto Rico, for, in that situation, it has not consented to be sued.

[2] As the appeal is from an interlocutory decree under section 129 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1134 [Comp. St. 1916, § 1121]), we are authorized to determine whether the District Court had jurisdiction. Supreme Council of Royal Arcanum v. Hobart, 244 Fed. 385, 157 C. C. A. 11.

The decree of the District Court is reversed, and the case is remanded to that court, with directions to enter a decree dismissing the bill; and the appellant recovers costs.