BOGERT et al. v. SOUTHERN PACIFIC CO.

(District Court, E. D. New York. March 3, 1914.)

EQUITY (§ 363*)—INDISPENSABLE PARTIES—FAILURE TO JOIN—MOTION TO DISMISS—TIME FOR HEARING.

Rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) abolishes demurrers and pleas and provides that every defense in point of law arising on the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, shall be raised by a motion to dismiss or in the answer, and may be disposed of before final hearing, and that if the defendant move to dismiss the motion may be set down for hearing on five days' notice, and if it be denied answer shall be filed within five days or a decree pro confesso entered. *Held*, that where a motion to dismiss is made for a defect in the pleadings, and a hearing is had in advance of the trial, the motion must be considered on the complaint alone; and hence, where defendant answered, alleging nonjoinder of an indispensable party, and it was necessary to invoke the record in another case to show the necessity for joining such party, a motion to dismiss would not be heard in advance of the trial, but would be heard and determined before the taking of testimony on the main issue.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 762–766, 768; Dec. Dig. § 363.*]

In Equity. Suit by Henry L. Bogert and others, as executors of the will of Walter B. Lawrence, deceased, suing on behalf of themselves and other stockholders of the Houston & Texas Central Railway Company similarly situated who may come in and contribute to the expenses of the suit, against the Southern Pacific Company. On motion to dismiss. Denied.

Dittenhoefer, Gerber & James, of New York City (A. J. Dittenhoefer, H. Snowden Marshall, David Gerber, Russell H. Landale, and Dudley F. Phelps, all of New York City, of counsel), for plaintiffs.

Arthur H. Van Brunt and Henry V. Poor, both of New York City, for defendant.

CHATFIELD, District Judge. This action has been removed by defendant from the Supreme Court of New York and an answer has been filed in this court. The complaint has been drawn to meet the questions raised in a previous action in which dismissal resulted from inability to serve or bring in an indispensable party. Lawrence v. Southern Pac. Co. et al. (C. C.) 180 Fed. 822.

Demurrers having been abolished, the defendant has pleaded the alleged lack of the same party upon the claim that the cause of action has not been changed and that the indispensable party is still absent. Rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) provides:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Demurrers and pleas are abolished. Every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer; and every such point of law going to the whole or a material part of the cause or causes of action stated in the bill may be called up and disposed of before final hearing at the discretion of the court. Every defense heretofore presentable by plea in bar or abatement shall be made in the answer and may be separately heard and disposed of before the trial of the principal case in the discretion of the court. If the defendant move to dismiss the bill or any part thereof, the motion may be set down for hearing by either party upon five days' notice, and, if it be denied, answer shall be filed within five days thereafter or a decree pro confesso entered."

The defendant has now moved to dismiss and for judgment on the merits upon the pleadings because of the alleged defect of parties as shown by the defense interposed as above, and has asked for disposition thereof before trial of the "principal case."

The plaintiff claims that under rule 29 such motion should be "made by motion to dismiss," or if that is not made and answer be interposed (as has been done) that the right to make a motion to dismiss has been waived.

The plaintiff asserts that the last clause of the rule relates back to a motion upon the complaint alone and is not the equivalent of a hearing on the "plea in bar."

It is apparent that if the facts are sufficiently shown by the pleadings, and if both parties agree, a hearing can be had upon a motion made upon the pleadings in advance of trial as well as if trial were called and the plea were considered upon the record at the outset of the trial or before the taking of testimony.

On the other hand, if testimony is needed or offered by either party upon the plea, then a "hearing" is necessarily held ipso facto whether on the motion or at the trial. As the case is brought in equity and will be heard in open court without any jury, the only differences will be in the matter of convenience and in the possibility of disposing of the whole issue upon the plea as interposed.

The motion to dismiss the bill, if denied, would require a hearing of the other defenses rather than a direction to answer over as provided for in the rule.

The defendant has also raised the defense of laches and as to this depends upon the record of the pleadings as to elapsed time, previous litigations, and the charge that the plaintiff, in bringing a representative action upon alleged causes of action which were open to the plaintiffs in the prior actions (of which the plaintiff had knowledge), is burdened with the delay or estoppel resulting from their wrong choice of remedy.

Unless this motion be treated as a hearing and opportunity be given to both sides to make a record, it is apparent that the motion must be based upon the complaint alone.

The defendant cannot prove facts by allegations in his answer and by moving thereon as if they were admitted or stated in the complaint. In other words, such a motion must be judged solely by the plaintiff's pleading.

In the present instance the case is on the calendar, and the defendant invokes the record of the other cases above referred to in such a way that they must be treated as proofs if the plea is to be determined in advance of hearing upon the merits.

The motion to dismiss will therefore. be denied, but upon the call of the case the plea will be heard upon such record as may be offered before the taking of testimony in support of the main issue.