## UNITED STATES v. MASON et al.

(District Court, S. D. Florida. July 14, 1924.)

No. 302.

Courts ⊕347—Defendant cannot test sufficiency of answer of codefendant by motion.

Rule 33 of the Equity Rules does not give a defendant the right, by motion to strike out, to test the sufficiency of the answer of a codefendant to the bill.

In Equity. Suit by the United States against Thomas J. Mason and others. On motion by David F. Mitchell, defendant, to strike out the answer of defendant H. M. Baine. Denied.

David F. Mitchell, of Jacksonville, Fla., in pro. per.

Baker & Baker, of Jacksonville, Fla., for respondent.

CALL, District Judge. The bill of complaint herein is filed by the government to subject the described lands to the payment of the estate tax assessed against the estate of Harry Mason, deceased, as a prior lien. A number of persons are made defendants as claiming an interest in or lien upon said lands, junior to the lien of claim of complainant. David F. Mitchell, the movant, is one of the defendants, and has filed his answer to the bill of complaint. H. M. Baine is another defendant, and by his answer sets out the interest claimed by him to be a mortgage from George H. Mason and his wife to secure the payment of a certain sum of money, the foreclosure of such mortgage, and decree of sale, etc.; also that the sum found to be due in said decree is a lien prior to the lien of complainant, but that, if his said lien is found to be junior to that of complainant, out of the residue remaining after payment of complainant's lien he be paid the amount in preference to the claims of others to such surplus funds.

The motion to strike by the codefendant, David F. Mitchell, is that it fails to set forth facts sufficient in law to constitute a defense against him. Rule 33 of the new Equity Rules abolishes exceptions to answers, and provides that the sufficiency of same may be tested by motion of the complainant, if the answer set up an affirmative defense.

The answer of defendant Baine is an answer to the bill of complaint. It is not directed to any answer or claim therein propounded by his codefendant, Mitchell. The right to test the sufficiency of the answer as a defense to the case made by the bill of complaint is vested by the rule in the complainant. The complainant is not the movant here. The rule, in my opinion, was never intended to and does not vest in a codefendant the right to by motion test the answer of a codefendant to the bill of complaint. If the cause proceeds to the point where it is necessary for the court to decide the priorities of claims to the surplus funds, chancery proceedings are amply capable of passing upon those issues. That time, however, has not yet arrived.

The motion will be denied.