## ELEVATOR SUPPLIES CO., Inc., v. PEELLE CO.

### No. 3978.

District Court, E. D. New York.
Oct. 26, 1931.

94

Darby & Darby, of New York City, for plaintiff.

Meyers & Jones, of New York City, for defendant.

BYERS, District Judge.

This is a motion to dismiss a bill in equity in which an injunction is sought to prevent further alleged breaches of a contract to manufacture elevator doors, devices, etc., under a license from plaintiff, the owner of the patent, and to procure specific performance of the contract.

The motion must be heard and decided as upon demurrer. Conway et al. v. White (C. C. A.) 292 F. 837.

This means that the sufficiency of the bill cannot be tested through resort to any other pleading or affidavits containing denials or new matter.

The defendant relies upon:

A. Laches in not instituting suit at the time of the alleged repudiation of the contract.

Nothing in the bill touches repudiation as such. A breach of the contract is alleged, but paragraph 7 reads: "That said agreement and license is still in full force and effect."

The alleged violations by the defendant are pleaded as having taken place, but no date is set forth.

If the defense of laches is sought to be urged in advance of the hearing upon the merits, perhaps the defendant will adopt the practice suggested in Bogert v. Southern Pacific Co. (D. C.) 211 F. 776.

The authorities cited by the defendant, upon this subject, demonstrate that the efficacy of the plea of laches depends upon the facts in each case. Manifestly this requires the taking of testimony.

B. The bill discloses that the contract covers a course of business extending over a substantial period of time, and is of such a character that specific performance thereof cannot be supervised by the court effectively.

The contract may be epitomized as follows: The Peelle Company, defendant, engaged in manufacturing elevator doors, was the owner of a patent on elevator door controlling devices and mechanism. The plaintiff, Elevator Supplies Company, Inc., was manufacturing and selling elevator supplies and accessories. Under date of April 15, 1920, a contract was entered into between the parties, consisting of an exclusive license by the Peelle Company to the Supplies Company to make, use, and sell the patented device in question, and the latter undertook to promote the sale of Peelle elevator doors by distributing them on a 10 per cent. discount; the Peelle Company undertook to promote the sale of the devices of the plaintiff, dealing in no others, also on a 10 per cent. discount basis. Each party agreed to fill the requirements and orders of the other. The contract recites that it continues in effect during the life of the license agreement.

The bill of complaint alleges performance by the plaintiff, and violation by the defendant, and the sale by the latter of door operating mechanisms which are infringements upon the patents under which it has been granted exclusive rights by the defendant, and its own patents.

The relief demanded is an injunction against sales by the defendant of devices not made and sold to it by the plaintiff, as contemplated by the said contract; and that the defendant be decreed to specifically perform the said agreement.

Thus it will be seen that specific performance is not the sole relief sought by the action.

Whether, in the event of plaintiff's success upon the merits, a decree would be inevitable which would involve the supervision by the court of a continuous series of acts extending through a long period of time, cannot presently be said to be obvious. Perhaps a hearing would disclose that an injunction would afford adequate relief to the plaintiff if it prevails.

The mere fact that specific performance is prayed does not prove that the bill must be dismissed on this motion.

The case most strongly relied upon by the defendant at the argument was General Electric Co. v. Westinghouse (C. C.) 144 F. 458. That decision should be weighed in the light of what was determined in overruling the demurrer to the amended bill. See (C. C.) 151 F. 664. See, also, Kearns-Gorsuch Bottle Co. v. Hartford-Fairmont Co. (D. C.) 1 F.(2d) 318.

Authorities cited by the defendant have been examined, and come down to this: That whether specific performance shall be decreed rests in the sound discretion of the court. See Engemoen v. Rea (C. C. A.) 26 F.(2d) 576; Weeks v. Pratt (C. C. A.) 43 F.(2d) 53.

How the court could exercise a sound and judicial discretion except after a hearing upon the merits, is nowhere indicated in defendant's brief.

C. The contract was abandoned.

D. The contract was canceled by the defendant.

These are, of course, new matters, in avoidance, manifestly not alleged in the complaint, and said to be found in affidavits on file in connection with a motion for preliminary injunction which was never presented. For reasons stated in connection with defendant's first argument, these matters would not be appropriate to the consideration of a demurrer.

Motion to dismiss in the present state of the record is denied, without prejudice to renewal hereafter, as defendant may be advised. Settle order on two days' notice.